**Jack Elbert LAKE, Jr.**

v.

**The STATE of Texas, Appellee.**

No. 36007.

Court of Criminal Appeals of Texas.

Oct. 23, 1963.

Rehearing Denied Dec. 4, 1963.

No attorney on appeal for appellant.

Henry Wade, Dist. Atty., Robert Maloney, Neill English, Frank Wright and Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for driving while intoxicated; the punishment, ninety days in jail and a fine of $300.

The state's evidence shows that on the date alleged, the appellant, while driving an automobile upon Northwest Highway, a public street and highway in the city of Dallas, veered his vehicle over into the wrong traffic lane and collided with another vehicle approaching from the opposite direction. After the collision, appellant was found lying unconscious on the floorboard of his vehicle. A pint bottle labeled Havenhill Whisky, which was practically empty, was found on the front seat and there was a strong smell of alcohol in the automobile.

Appellant was taken from the scene to a hospital, where he was observed by Accident Investigator E. E. Sawyer some two hours after the accident. Officer Sawyer testified that at such time the appellant was conscious, his speech was blurred, his eyes were bloodshot, his face was flushed, and that he had a strong odor of an alcoholic beverage on his breath. Based upon his observation, Officer Sawyer expressed the opinion that at such time appellant was in an intoxicated state.

Testifying as a witness in his own behalf, appellant admitted driving the automobile on the occasion in question and having consumed one drink of whisky when he got off from work about an hour prior to the collision and stated that the collision occurred when his glasses fell off and he was reaching down to the floorboard to pick them up.

Appellant also called, as witnesses in his behalf, his mother, who testified that he had not been drinking when he came to her home approximately four hours before the accident, and two other witnesses, one of whom corroborated his testimony relative to having consumed the one drink of whisky and who stated that there was nothing unusual about appellant's driving when he drove away from work, and the other who stated that he observed appellant when he left his place of employment a short time before the accident and that in his opinion he was at such time sober.

The jury by their verdict resolved the disputed issue of intoxication against the appellant, and we find the evidence sufficient to sustain their verdict.

There are no formal bills of exception or objection to the court's charge and no brief has been filed on behalf of appellant.

We have examined the informal bills of exception appearing in the record and find no reversible error.

The judgment is affirmed.

Opinion approved by the court.